Strafford
No. 2002-188

JOHN FURBUSH

v.

J. JOSEPH MCKITTRICK

Argued: March 12, 2003
Opinion Issued: April 29, 2003

*Law Office of Leslie H. Johnson, PLLC*, of Center Sandwich (*Leslie H. Johnson* on the brief and orally), and *McKean, Mattison & Latici P.A.*, of Gilford (*Edgar D. McKean, III* on the brief), for the plaintiff.

*Nelson, Kinder, Mosseau & Saturley, P.C.*, of Manchester (*William C. Saturley* and *Catherine A. Blanchard* on the brief, and *John Kissinger* orally), for the defendant.

DALIANIS, J. The plaintiff, John Furbush, appeals following a jury verdict in favor of the defendant, J. Joseph McKittrick. On appeal, the plaintiff argues that the Superior Court (*Mohl*, J.) erred by granting the

defendant's motion for summary judgment on count IV of his malpractice claim and denying the plaintiff's motion for summary judgment on count III. The defendant cross-appeals, arguing that the trial court erroneously excluded certain evidence during trial. Because we affirm, we need not reach the merits of the defendant's appeal.

On December 15, 1989, the plaintiff, a New Hampshire resident, was injured while working as a welder for National Engineering Services at a job site in Connecticut. He began collecting workers' compensation benefits under the laws of New Hampshire, and was represented by Attorney John Lyons with regard to those benefits. Lyons did not represent the plaintiff regarding any possible third-party claims, but recommended that the plaintiff consult Connecticut counsel about such a claim and provided the name of a Connecticut law firm. The plaintiff contacted the firm in January 1990 and was sent a fee agreement but did not pursue the matter with the firm any further. Lyons withdrew from representing the plaintiff.

In June 1990, the plaintiff hired the defendant to represent him. The parties dispute the scope of the defendant's representation. According to the defendant, his representation of the plaintiff initially involved only the workers' compensation claim. The defendant claims that the first time the plaintiff inquired about a possible third-party claim was in or around November 1992. However, according to the plaintiff, he hired the defendant to represent him with regard to all claims associated with his injury, and asked the defendant on many occasions about the possibility of pursuing a third-party claim in Connecticut.

On November 17, 1992, the defendant sent the plaintiff a letter in which he explained that the Connecticut statute of limitations for negligence claims was two years, and stated:

> Most claims against the owner of a site upon which a Worker[s'] Compensation injury occurred are simple negligence claims. In this case, such a claim would be barred, as it was not brought before January 15, 1991. In order to pursue a claim for a deliberate tort, or a product liability tort, we must have specific information regarding the job site and/or the actions of the owner of the site itself.
>
> . . . .
>
> ... [I]f you have any additional information, such as I have outlined above, it is critical that you get it to me within the next week or ten (10) days in order that we may have time to draft the appropriate documents and get them served upon a third party.

However, if you cannot handle this matter at this time, you will still be fully protected under your Worker[s'] Compensation claim.

The defendant continued to represent the plaintiff until April 1996, soon after the plaintiff settled his workers' compensation case that was pending before the New Hampshire Department of Labor. Thereafter, the plaintiff consulted another attorney regarding his Social Security disability benefits. In October 1996, this attorney alerted the plaintiff to possible malpractice committed by the defendant.

In February 1998, the plaintiff brought a legal malpractice claim consisting of five counts, three of which were dismissed and are not at issue here. In count IV, the plaintiff alleged that the defendant was negligent in failing to advise the plaintiff to file a third-party claim prior to the expiration of the Connecticut statute of limitations. In count III, the plaintiff alleged that the defendant negligently failed to conduct a choice of forum analysis to determine which State's law, New Hampshire or Connecticut, would provide him more workers' compensation benefits.

The defendant filed a motion for summary judgment on count IV, arguing that the New Hampshire statute of limitations barred the claim because it was not filed within three years of the alleged malpractice. The defendant did not contest the timeliness of count III of the plaintiff's claim. The plaintiff filed a motion for summary judgment on count III, arguing that the trial court should rule, as a matter of law, that the defendant's conduct constituted malpractice. The trial court granted the defendant's motion to dismiss count IV and denied the plaintiff's motion for summary judgment on count III. The jury subsequently returned a verdict in favor of the defendant on count III. This appeal followed.

On appeal, the plaintiff argues that the trial court erred in both summary judgment rulings. In reviewing a trial court's summary judgment ruling, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Sintros v. Hamon*, 148 N.H. 478, 480 (2002). "Summary judgment may be granted only where no genuine issue of material fact is present, and the moving party is entitled to judgment as a matter of law." *Winnacunnet Coop. Sch. Dist. v. Town of Seabrook*, 148 N.H. 519, 524 (2002) (quotation omitted). We review the trial court's application of the law to the facts *de novo*. *Coyle v. Battles*, 147 N.H. 98, 100 (2001).

We initially address the plaintiff's arguments regarding the trial court's grant of summary judgment in favor of the defendant on count IV. The plaintiff first argues that the trial court erred by granting the defendant's motion without holding an evidentiary hearing. This argument

is without merit. According to RSA 491:8-a, a motion for summary judgment may be rendered upon "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed." RSA 491:8-a, III (1997). The trial court is not required by statute to hold a hearing prior to ruling on a summary judgment motion. *See id.* Rather, under Superior Court Rule 58, the party seeking a hearing on an objection to a motion must request one within ten days after the filing of the motion. *See* SUPER. CT. R. 58. The trial court then has discretion to grant or deny the request. *State v. Roy*, 138 N.H. 97, 98 (1993). If the opposing party fails to request a hearing, however, the court may act on the motion on the basis of the pleadings and record before it. SUPER. CT. R. 58. Here, the plaintiff never requested that the trial court hold a hearing, and thus the court was free to act on the defendant's motion.

■ The plaintiff next argues that the trial court erred by granting the defendant's motion for summary judgment because an exception applied to toll the statute of limitations until at least April 1996. The statute of limitations for a malpractice action is three years. *See* RSA 508:4 (1997). It is undisputed that the plaintiff's malpractice suit was filed more than three years after the plaintiff suffered the loss of his potential third-party claim. Thus, the plaintiff has the burden of proving that an exception applies to toll the statute of limitations such that his malpractice claim would be timely filed. *See Glines v. Bruk*, 140 N.H. 180, 181 (1995); *see also Evans v. Rudy-Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1184 (D. Minn. 1999).

The first exception raised by the plaintiff is the discovery rule. The discovery rule, now codified in RSA 508:4, I, *see Conrad v. Hazen*, 140 N.H. 249, 251 (1995), states that

> when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

RSA 508:4, I.

■ The plaintiff argues that he could not have discovered that he suffered any financial injury from the loss of his potential third-party claim until 1996 when his new attorney advised him of the defendant's potential malpractice. The trial court held, however, that the discovery rule did not toll the statute of limitations until 1996 because the defendant's November 1992 letter "specifically informed the plaintiff" of the loss of his potential

third-party negligence claim and the defendant's potential malpractice. We agree. In his letter, the defendant explained the Connecticut statute of limitations for negligence claims, and stated, "In this case, such a claim would be barred, as it was not brought before January 15, 1991." The letter informs the plaintiff of both the injury — the loss of his third-party claim — and the causal relationship between the injury and the failure to file the claim in a timely manner.

We are not persuaded by the plaintiff's argument that the defendant's letter falsely indicated that he suffered no harm from the inability to file the third-party claim. The plaintiff points to the portion of the letter where the defendant states that the plaintiff "will still be fully protected under your Worker[s'] Compensation claim," and argues that he reasonably thought that he would be fully compensated as to all claims under the workers' compensation claim because he did not appreciate the difference between the workers' compensation and third-party claims. The portion of the letter upon which the plaintiff relies does not state that the plaintiff was not harmed by the loss of his third-party claim, but rather simply explains that the inability to file the third-party claim in no way endangered his workers' compensation claim.

■ Moreover, the record shows that the plaintiff was aware of the difference between a workers' compensation and third-party claim. While his workers' compensation claim was pending, the plaintiff contacted Connecticut counsel in order to pursue a third-party claim and, on at least one occasion, asked the defendant about the potential for filing such a claim. The plaintiff's actions demonstrate that he understood the possible benefit of filing a third-party claim in addition to his workers' compensation claim, and, therefore, could appreciate that he suffered some harm from the inability to do so. While the plaintiff may not have understood the full extent of the harm that would result from the loss of his potential third-party claim, the discovery rule is not intended to toll the statute of limitations until the full extent of the plaintiff's injury has manifested itself. *See Rowe v. John Deere*, 130 N.H. 18, 23 (1987). Rather, that the plaintiff could reasonably discern that he suffered some harm caused by the defendant's conduct is sufficient to render the discovery rule inapplicable. *See id.*

■ For similar reasons, the plaintiff's argument regarding his second offered exception, the fraudulent concealment rule, also fails. "[T]he fraudulent concealment rule states that when facts essential to the cause of action are fraudulently concealed, the statute of limitations is tolled until the plaintiff has discovered such facts or could have done so in the exercise of reasonable diligence." *Bricker v. Putnam*, 128 N.H. 162, 165 (1986).

Again the plaintiff points to the defendant's November 1992 letter and argues that the defendant concealed the harm to the plaintiff by telling him that he was "fully protected" under his workers' compensation claim.

The defendant did not conceal any essential facts in his letter. The defendant explained that the third-party claim could no longer be filed because it was barred by the Connecticut statute of limitations. As we stated above, this was sufficient to put the plaintiff on notice that the defendant may have committed malpractice. The language that the plaintiff cites did not conceal the injury, but merely reflected the fact that the plaintiff's workers' compensation claim was not in jeopardy.

The plaintiff finally raises the "continuing representation" rule, which he argues should be applied to toll the statute of limitations until the defendant ceased representing him in April 1996. *See Coyle*, 147 N.H. at 101. We need not address this argument, however, because it was not raised before the trial court and thus was not preserved for appeal. *See Panciocco v. Lawyers Title Ins. Corp.*, 147 N.H. 610, 616 (2002).

Finally, we address the plaintiff's argument regarding the trial court's denial of his motion for summary judgment on count III, which concerned the defendant's failure to perform a choice of forum analysis. The trial court ruled that summary judgment was inappropriate because genuine issues of material fact were present. *See Winnacunnet Coop. Sch. Dist.*, 148 N.H. at 524. The plaintiff argues that in any personal injury action, an attorney has the duty to perform a choice of forum analysis. Thus, the plaintiff argues that the defendant's malpractice in failing to perform the analysis was so "gross and obvious" that the defendant was negligent as a matter of law, rendering summary judgment appropriate.

■ ■ In a legal malpractice case, a plaintiff must prove: (1) that an attorney-client relationship existed, which placed a duty upon the attorney to exercise reasonable professional care, skill and knowledge in providing legal services to that client; (2) a breach of that duty; and (3) resultant harm legally caused by that breach. *Wong v. Ekberg*, 148 N.H. 369, 373 (2002). Though the existence of the defendant's duty to the plaintiff is a question of law, *see Sisson v. Jankowski*, 148 N.H. 503, 505 (2002), it is for the fact-finder to determine whether, under the circumstances of the case, the defendant breached his duty to exercise reasonable professional care and that the defendant's breach caused the plaintiff's harm, *see Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.), *cert. denied*, 474 U.S. 1010 (1985); *cf. Wong*, 148 N.H. at 373-74 (expert testimony generally required to assist the jury in determining whether the defendant breached the standard of care). While summary judgment may be appropriate if "the evidence [of negligence] is so conclusive that reasonable persons can reach but one

conclusion," 5 R. MALLEN & J. SMITH, LEGAL MALPRACTICE § 33.11, at 90 (5th ed. 2000), such instances "are exceedingly rare, and the present case does not represent one of them," *J. Edmund & Co. v. Rosen*, 591 N.E.2d 179, 181 (Mass. 1992) (quotation omitted).

In opposition to the plaintiff's motion, the defendant offered the deposition testimony of an expert, Attorney Edward Stewart, Jr., who stated that the defendant's conduct did not fall below the standard of reasonable professional care. He testified that under the scope of the defendant's employment and the circumstances of the case, the defendant's pursuit of only a New Hampshire workers' compensation claim was within the bounds of appropriate professional conduct. He opined that "an ordinary attorney in New Hampshire exercising due care would just continue to pursue the claim in New Hampshire where it was initially filed." The plaintiff concedes that this testimony disputes his expert's opinion on the defendant's alleged breach of his duty. Considering the evidence in the light most favorable to the defendant, *see Sintros*, 148 N.H. at 480, we conclude that a genuine issue of material fact existed as to the defendant's alleged breach of his duty, and, accordingly, we affirm the trial court's denial of the plaintiff's motion.

*Affirmed.*

BRODERICK, NADEAU and DUGGAN, JJ., concurred.