Rockingham
No. 2010-800

JOSEPHINE A. LAMPREY

v.

BRITTON CONSTRUCTION, INC. & a.

Argued: October 13, 2011
Opinion Issued: February 10, 2012

*McLane Graf Raulerson & Middleton, Professional Association*, of Manchester (*Jeremy T. Walker* and *Joel T. Emlen* on the brief, and *Mr. Walker* orally), for the plaintiff.

*Bouchard, Kleinman & Wright, P.A.*, of Manchester (*Nicholas D. Wright* on the brief and orally), for defendant Britton Construction, Inc.

*Boyle, Shaughnessy & Campo, P.C.*, of Manchester (*Peter L. Bosse* and *Elsabeth D. Foster* on the brief, and *Ms. Foster* orally), for defendant Dave Sherwood.

*Donovan Hatem LLP*, of Boston, Massachusetts (*John W. Dennehy* and *Gregory M. Sargent* on the brief, and *Mr. Dennehy* orally), for defendant DeStefano Architects, PLLC f/k/a Lisa DeStefano.

DALIANIS, C.J. The plaintiff, Josephine A. Lamprey, appeals orders of the Superior Court (*Nadeau*, J.) dismissing her actions against the defendants, Britton Construction, Inc. (Britton), DeStefano Architects, PLLC f/k/a Lisa B. DeStefano (DeStefano) and Dave Sherwood, pursuant to the statutes of limitations and repose. *See* RSA 508:4 (2010); RSA 508:4-b (2010). We affirm in part, reverse in part and remand.

The following facts appear in the record. The plaintiff hired the defendants to design and build her home. DeStefano was the architect; Britton was the general contractor; and Sherwood was the mason who installed the home's extensive stonework, including a stone veneer, terrace and stone chimneys.

The plaintiff began living in the house in November 2001, but never obtained a certificate of occupancy. Within one year, water damage appeared on the wood floors. In 2006, the plaintiff hired Sherwood to repair loose stones on her terrace. In 2008, again at the plaintiff's request, Sherwood repaired her chimney.

In 2010, when the plaintiff was replacing her stone terrace with granite, the mason in charge of the replacement noticed problems with the home's stonework requiring significant repairs. As a result, the plaintiff sued the defendants, alleging negligence and breaches of warranty in her home's construction. Britton requested dismissal pursuant to the statute of limitations for personal actions. *See* RSA 508:4 (2010). Sherwood moved to dismiss, arguing that the construction statute of repose also barred the plaintiff's claims. *See* RSA 508:4-b. The plaintiff responded by arguing, among other things, that the statutes should be tolled because Sherwood had fraudulently concealed her home's masonry problems. *See* RSA 508:4-b, V(a). She also moved to amend her writ to add more facts supporting her fraudulent concealment claim and to add new causes of action. Ultimately, after a hearing addressing the application of the statute of repose, the plaintiff's claims were dismissed under the statutes of repose and limitations, and the plaintiff's motion to amend her writ was denied.

The plaintiff appeals, arguing that the trial court erred by dismissing her case under the statutes of limitations and repose and denying her motion to

amend. We first turn to whether the trial court erred by dismissing the plaintiff's initial writ and then address whether it properly denied her motion to amend.

*I. Motions to Dismiss*

In reviewing a motion to dismiss, our standard of review is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. *McNamara v. Hersh*, 157 N.H. 72, 73 (2008). We assume the plaintiff's allegations to be true and construe all reasonable inferences in the light most favorable to her. *See id.* We need not, however, accept allegations in the writ that are merely conclusions of law. *Beane v. Dana S. Beane & Co.*, 160 N.H. 708, 711 (2010). The threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. *Id.* We will uphold the granting of the motion to dismiss if the facts pleaded do not constitute a basis for legal relief. *Id.*

Resolution of the issues in this case requires statutory interpretation. We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. *In the Matter of Jacobson & Tierney*, 150 N.H. 513, 515 (2004). We first examine the language of the statute, and, when possible, we ascribe the plain and ordinary meanings to the words used. *Id.* We review the trial court's interpretation of a statute *de novo. Remington Invs. v. Howard*, 150 N.H. 653, 654 (2004).

We first address whether the trial court properly dismissed the plaintiff's actions under the statute of limitations, RSA 508:4, and then whether dismissal under the statute of repose, RSA 508:4-b, was proper.

*A. Statute of Limitations*

The plaintiff argues that the trial court erred by dismissing her actions under the statute of limitations because her pleadings and objections to the defendants' motions to dismiss stated a basis for relief from the statute of limitations under the discovery rule. The statute of limitations for personal actions states that:

> Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

RSA 508:4, I.

The statute of limitations constitutes an affirmative defense, and the defendant bears the burden of proving that it applies in a given case. *Beane*, 160 N.H. at 712. That burden, however, is met by a showing that the action was not brought within three years of the act or omission of which the plaintiff complains. *Id.* Once the defendant has established that the statute of limitations would bar the action, the plaintiff has the burden of proving that the discovery rule applies. *Id.* at 713. The statutory discovery rule is designed to provide relief in situations where the plaintiff is unaware either of the injury or that the injury was caused by a wrongful act or omission. *Id.*

The discovery rule is two-pronged, and both prongs must be satisfied before the statute of limitations begins to run. *Id.* First, a plaintiff must know or reasonably should have known that she has been injured; second, a plaintiff must know or reasonably should have known that her injury was proximately caused by conduct of the defendant. *Id.* Thus, the discovery rule exception does not apply unless the plaintiff did not discover, and could not reasonably have discovered, either the alleged injury or its causal connection to the defendant's alleged act. *Id.*

Although the discovery rule tolls the limitations period until a plaintiff discovers, or should reasonably have discovered, the causal connection between the harm and the defendant's negligent or wrongful act, this rule is not intended to toll the statute of limitations until the full extent of the plaintiff's injury has manifested itself. *Id.* Rather, once the plaintiff could reasonably discern that he or she suffered some harm caused by the defendant's conduct, the tolling ends. *Id.* Further, the plaintiff need not be certain of the causal connection; the reasonable possibility that it existed will suffice to obviate the protections of the discovery rule. *Id.*; *see Glines v. Bruk*, 140 N.H. 180, 182 (1995).

In this case, the defendants argue that, because the plaintiff's initial writ alleged that within one year of the home's substantial completion "defective exterior stone work caused water damage to appear on the wood floors in the home," we must infer that, when the water staining appeared, the plaintiff knew there was a causal connection between the staining and the defendants' acts. When reviewing a motion to dismiss, however, we must draw all reasonable inferences in favor of the non-moving party. *McNamara*, 157 N.H. at 73. Thus, we must draw the favorable inference that, although the plaintiff may have observed the water staining within one year of the home's completion, she was unaware of the causal connection at

that time. This inference is reasonable and consistent with the plaintiff's assertion that she discovered the defendants' stonework was defective in 2010.

The defendants also argue that, even if the plaintiff did not discover the causal connection between the defendants' acts and her injury when the water staining appeared, as a matter of law, she discovered or in the exercise of reasonable diligence should have discovered this connection when Sherwood repaired her terrace in 2006. Based upon the plaintiff's allegations, we cannot make this determination as a matter of law. *Compare Black Bear Lodge v. Trillium Corp.*, 136 N.H. 635, 638 (1993) (motion to dismiss improperly granted when plaintiff's allegations did not establish, as a matter of law, that she should have discovered causal connection), *with Beane*, 160 N.H. at 712 (affirming grant of motion to dismiss notwithstanding allegations that the discovery rule tolled statute of limitations).

*B. Statute of Repose*

The trial court also found that the construction statute of repose, RSA 508:4-b, barred the plaintiff's claims. RSA 508:4-b, I, provides in pertinent part:

> Except as otherwise provided in this section, all actions to recover damages for injury . . . arising out of any deficiency in the creation of an improvement to real property, including without limitation the design, labor, materials, engineering, planning, surveying, construction, observation, supervision or inspection of that improvement, shall be brought within 8 years from the date of substantial completion of the improvement, and not thereafter.

The plaintiff argues that the eight-year statute of repose does not bar her 2010 claims because she brought them "within 8 years from the date of substantial completion of [her home]." RSA 508:4-b, I. Unlike a statute of limitation, the construction statute of repose creates a time limitation that is measured not from the date of an injury or its discovery, but from the "substantial completion" of "an improvement to real property." *Id.*; *see Big League Entm't v. Brox Indus.*, 149 N.H. 480, 483 (2003). The defendants argue that the plaintiff's home was substantially complete in November 2001, when she began living there. Notwithstanding the allegation in the plaintiff's original writ that water stains appeared on the floor within one year of substantial completion, on appeal she asserts that the home was substantially complete at some later time, the exact determination of which required the trial court to consider when she made her final payments to

Britton, when Britton stopped working on the house and — because the home was never certified for occupancy — when it would have been eligible for such certification.

RSA 508:4-b, II defines substantial completion as follows: "The term 'substantial completion' means that construction is sufficiently complete so that an improvement may be utilized by its owner or lawful possessor for the purposes intended." The meaning of the statute is clear. When an improvement to real property "may," i.e., "can," be used for the purposes its owner or possessor intended, the statute of repose begins to run. If a party actually uses the improvement for the purpose intended, such use necessarily proves that the improvement can be used for that purpose, and the statutory period begins. Thus, while the factors the plaintiff urges us to consider might be relevant when considering whether an unused improvement *could have been used* for certain purposes, once such use actually occurs, a plaintiff cannot rely upon other factors to argue that the use was impossible.

In her complaint, the plaintiff characterized the improvement at issue in this case as a "single family home" or a "single-family residence." Although the plaintiff alleges that when she moved in she "could not use the home as [she] wanted" because the kitchen was "not fully working" and there was other ongoing work, she does not argue here that she intended to use the home for any purpose other than as a residence. The plaintiff also concedes that she began using the home as a residence in November 2001. Thus, assuming the truth of the plaintiff's allegations and viewing all facts in the light most favorable to her, the home was substantially complete when she began living in it — November 2001. The plaintiff filed these actions in 2010, more than eight years later, and unless there is a basis for tolling the statute of repose, the claims set forth in her original writ are barred.

## C. Fraudulent Concealment

The plaintiff argues that the fraudulent concealment exception to the statute of repose tolled the statutory period. The statute of repose excludes from its limitations "actions involving the fraudulent concealment of material facts upon which a claim might be based." RSA 508:4-b, V(a). Fraudulent concealment occurs when "[o]ne party to a transaction . . . by concealment or other action intentionally prevents the other from acquiring material information." RESTATEMENT (SECOND) OF TORTS § 550, at 118 (1977). It "require[s] something affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving rise to a cause of action — some actual artifice to prevent knowledge of the facts or

some representation intended to exclude suspicion and prevent inquiry." *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254, 256 (Del. Super. Ct. 1969).

We note that the language of the fraudulent concealment exception to the statute of repose differs slightly from the language we have used when discussing the common law rule that fraudulent concealment tolls the statute of limitations. *Compare Furbush v. McKittrick*, 149 N.H. 426, 431 (2003) ("The fraudulent concealment rule states that when facts essential to the cause of action are fraudulently concealed, the statute of limitations is tolled until the plaintiff has discovered such facts or could have done so in the exercise of reasonable diligence." (quotation and brackets omitted)), *with* RSA 508:4-b, V(a) ("The limitation set out in [the statute of repose] shall not apply to actions involving fraudulent misrepresentations, or to actions involving the fraudulent concealment of material facts upon which a claim might be based."). Because the parties do not argue otherwise, we assume without deciding that the statutory fraudulent concealment exception simply codifies the existing common law rule.

Turning to the merits, the plaintiff alleged that, after making an almost $4,000 repair to her terrace and, years later, a $7,000 repair to her chimney, Sherwood fraudulently concealed her home's defects by telling her that the stones he repaired should not have come loose and that he did not know what happened. Fraudulent concealment, however, requires the "concealment of material facts." RSA 508:4-b, V(a).

*Furbush*, 149 N.H. at 431-32, which addressed fraudulent concealment in the context of the statute of limitations, aids our analysis. In that case, a lawyer whose client had been injured at work informed the client that a negligence action against the employer was time-barred because the lawyer failed to file within the statutory period. *Furbush*, 149 N.H. at 428-29. The lawyer added that the client would "still be fully protected under [a] Workers' Compensation claim." *Id.* at 429 (quotation and brackets omitted).

Because the lawyer failed to advise the client to file a timely negligence action against the employer, the client later sued the lawyer for malpractice. *Id.* The malpractice suit was itself untimely, but the client argued that the statute of limitations should be tolled because the lawyer fraudulently concealed his malpractice when he suggested that the workers' compensation statutory scheme adequately protected the client. *Id.* at 429, 431-32. We held that there was no fraudulent concealment because the lawyer "did not conceal any essential facts." *Id.* at 432. By saying that the client was "fully protected," the lawyer "did not conceal the injury, but merely reflected the fact that the plaintiff's workers' compensation claim was not in jeopardy." *Id.* (quotation omitted).

■ Similarly here, Sherwood's stonework was plainly falling apart, and his failure to account for the crumbling masonry did not conceal its defects. Thus, just as the *Furbush* lawyer's assertion that workers' compensation would fully protect the client did not conceal the lawyer's failure to file a timely action, Sherwood's statement that he did not understand his masonry's deterioration did not obscure the material fact that the masonry was failing. To the contrary, the plaintiff was evidently aware of the masonry problems because she called Sherwood to make repairs. Thus, the facts supporting the plaintiff's initial fraudulent concealment argument failed to state a basis for tolling the statute of repose because Sherwood's statements and repairs did not, in the language of RSA 508:4-b, V(a), conceal any "material fact[]." As a result, the statutory period had expired by the time the plaintiff brought these actions, and the trial court properly dismissed them.

Because Sherwood did not conceal material facts from the plaintiff, we need not address Britton's and DeStefano's arguments that Sherwood's allegedly fraudulent actions could not toll the statute as to them.

*II. Motion to Amend*

■ Having concluded that the trial court did not err in dismissing the plaintiff's original writ, we now address whether it erred in denying the plaintiff's motion to amend. Plaintiffs must be given leave to amend their writs to correct perceived deficiencies before a dismissal for failure to state a claim has preclusive effect. *ERG, Inc. v. Barnes*, 137 N.H. 186, 189 (1993). The opportunity to correct an original writ's perceived deficiencies, however, does not include the right to plead an entirely new cause of action. *Pesaturo v. Kinne*, 161 N.H. 550, 556 (2011). A court need only allow substantive amendments when necessary to prevent injustice. *Id.* A substantive amendment that introduces an entirely new cause of action, or calls for substantially different evidence, may be properly denied. *Id.* Therefore, we must review the plaintiff's amended writ to determine whether it corrects her original writ's deficiencies or pleads an entirely new cause of action. *Id.* The decision of the trial court to deny a motion to amend will not be overturned absent an unsustainable exercise of discretion. *Id.*

As an initial matter, the plaintiff's amended writ added entirely new claims against Britton and Sherwood alleging fraud and violations of RSA chapter 358-A (2009), the Consumer Protection Act; however, the plaintiff makes no argument about dismissal of these claims and, thus, we focus on the plaintiff's argument that her amended writ cured the flaws that required her initial writ's dismissal.

The plaintiff's initial writ failed because the statute of repose barred her actions, but she contends her amended writ cured this defect with respect

to Britton and Sherwood because it alleged new facts supporting her fraudulent concealment theory. Specifically, in addition to incorporating the fraudulent concealment allegations against Sherwood that we have rejected as to the original writ, the amendments alleged that: (1) Britton failed to obtain a certificate of occupancy because an occupancy inspection would have revealed the home's defects; (2) Britton fraudulently concealed that the plywood it used on the roof was one-eighth of an inch too thin; (3) Britton and Sherwood fraudulently concealed their failure to insulate the home's foundation; and (4) Britton and Sherwood fraudulently concealed that the home's stone veneer was inadequately attached to the house by bending down the ties designed to secure the veneer. We address these allegations in turn.

## A. Occupancy Certificate

The first allegation, that Britton never obtained an occupancy certificate, fails to state a basis for tolling the statute of repose because, like Sherwood's inability to explain the masonry's rapid deterioration, it concealed nothing from the plaintiff. The plaintiff does not allege that Britton somehow prevented her from discovering that her home was uncertified. *See* RESTATEMENT (SECOND) OF TORTS, *supra* § 550, at 118.

## B. Roof Plywood & Foundation Insulation

The plaintiff's next two amended allegations, relating to inadequate roof plywood and foundation insulation, fail because they lack the specificity necessary for a fraud claim to survive a motion to dismiss. These allegations state:

> [Britton and Sherwood] intentionally misrepresented and/or concealed several problems, including, but not limited to, failing to install the foundation insulation system, which was shown directly on the plans. Based upon Britton's experience and skill in construction, it had to know that there was no waterproofing on the foundation. Britton, however, concealed this fact from Plaintiff.

> . . . In addition, based upon Britton's experience and skill in construction, it had to know that it used only half-inch plywood rather than the required five-eights-inch [*sic*] plywood on the roof. Britton, however, concealed this fact from Plaintiff . . . .

When alleging fraud, "to withstand a motion to dismiss, the plaintiff must specify the essential details of the fraud, and specifically allege the

facts of the defendant's fraudulent actions. It is not sufficient for the plaintiff merely to allege fraud in general terms." *Brzica v. Trustees of Dartmouth College*, 147 N.H. 443, 449 (2002) (quotation omitted). Here, the allegations relating to the foundation insulation and roof plywood fail because they allege the legal conclusion that Britton and Sherwood "concealed" these defects, but fail to state the essential facts as to *how* the defects were concealed. Thus, for example, the plaintiff does not allege that Britton shimmed the plywood on her roof to make it appear thicker, or painted her foundation to make it appear insulated. Neither does the plaintiff allege that, by shingling the roof and backfilling the basement, Britton concealed the problems alleged.

 Regardless of whether such allegations would be sufficient to state a claim for fraudulent concealment, the naked allegation that defects were concealed requires us to guess what concealing act took place in order to decide a motion to dismiss. As a result, without more detail, we are unable to "test[] the facts alleged in the pleadings against the applicable law." *Beane*, 160 N.H. at 711.

 Moreover, to the extent that the plaintiff contends mere failure to disclose the alleged defects amounted to fraudulent concealment, her allegations remain insufficient to state a basis for relief. Fraudulent concealment requires "some actual artifice to prevent knowledge of the facts or some representation intended to exclude suspicion and prevent inquiry." *Nardo*, 254 A.2d at 256. "Concealment . . . only by silence is not enough." *State of Tex. v. Allan Const. Co., Inc.*, 851 F.2d 1526, 1529 (5th Cir. 1988) (quotation omitted); *see also Sills v. Oakland General Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1997) ("Mere silence is insufficient."); *Sletto v. Wesley Const., Inc.*, 733 N.W.2d 838, 846 (Minn. App. Ct. 2007) ("Unless special circumstances apply, . . . there is no general duty to disclose.").

 Because, at most, the allegations here assert that Britton and Sherwood did not tell the plaintiff about the roof and foundation defects, they fail to allege "something affirmative in nature designed or intended to prevent . . . the discovery of facts giving rise to a cause of action" and, therefore, do not state a claim for fraudulent concealment tolling the statute of repose. *Nardo*, 254 A.2d at 256. As a result, the roof plywood and basement insulation allegations failed to correct the deficiencies in the plaintiff's initial writ, and the trial court sustainably exercised its discretion by not allowing the amendments. *See Pesaturo*, 161 N.H. at 556.

## C. Bent Masonry Ties

We now turn to the plaintiff's final amended fraudulent concealment allegation, that "Britton and Sherwood not only used an insufficient number of ties to properly and safely anchor the stones [on the stone veneer] to the wall, but also, they . . . intentionally bent down and did not use several ties in order to hide this fact." Viewing this allegation in the light most favorable to the plaintiff, we construe it to mean that Britton and Sherwood bent several ties, which were not used, intending to create the false impression that an adequate number of ties supported the veneer.

If proved, this alleged cosmetic change to unused, but necessary, components would constitute "something affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving rise to a cause of action." *Nardo*, 254 A.2d at 256. The plaintiff alleges that the defendants installed ties that they knew were not used to support the stone veneer, and bent them to prevent the plaintiff from discovering that the veneer was inadequately supported. She alleges that she "justifiably relied" upon Sherwood and Britton's concealment, which we construe in the light most favorable to her to mean that, as a result of the concealment, she did not discover that the veneer lacked proper support. Moreover, the lack of support for the stone veneer gave rise to several of the plaintiff's causes of action. Thus, the plaintiff alleged facts supporting a claim for fraudulent concealment tolling the statute of repose.

Although Sherwood argues for a rule that allegations of concealment incident to normal construction fail to state a claim for fraudulent concealment tolling the statute of repose, resolution of this case does not require us to adopt such a rule. *See Steel v. Ivanhoe Huntley-Oakhurst Builders, L.L.C.*, No. 271494, 2007 WL 288213, at *2 (Mich. Ct. App. Feb. 1, 2007) (allegation that exterior trim, part of house's "intended design and construction," concealed defects failed to toll statute of limitations). Even if we were to apply this rule, the concealing act that the plaintiff has alleged would still state a claim for fraudulent concealment because the act alleged is not incidental to normal construction. Rather, the plaintiff alleges that, by bending unused, but necessary, ties, Britton and Sherwood intentionally concealed their failure to provide adequate anchoring of the stone veneer to the wall.

With the benefit of additional discovery, it may be determined that the ties were not bent as artifice, but were merely installed improperly. If this proves to be the case, then the plaintiff's allegation of an act "intended to prevent" the discovery of insufficient ties could well fail because her bent-tie allegation would state the presence of a construction defect without

any affirmative act of concealment. *Nardo*, 254 A.2d at 256. As alleged, however, the plaintiff's claim states an affirmative concealing act — the bending of the masonry ties.

Thus, as to Britton and Sherwood, the plaintiff's amended writ states a claim for fraudulent concealment of material facts upon which claims regarding the stone veneer were based. *See* RSA 508:4-b, V(a). This claim cured the defect that required dismissal of the plaintiff's initial writ, and the trial court unsustainably exercised its discretion by dismissing the claims against Britton and Sherwood without giving the plaintiff an opportunity to add the bent-tie allegation. *See ERG, Inc.*, 137 N.H. at 189.

Nonetheless, the plaintiff's amended allegations only correct the initial writ's deficiencies as to claims relating to the stone veneer. The statute of repose bars the plaintiff's other amended claims, and the trial court sustainably exercised its discretion in disallowing the amendments as to claims unrelated to the stone veneer. *See Pesaturo*, 161 N.H. at 556.

Moreover, because the plaintiff's amended writ did not allege that DeStefano was even aware of the insufficient number of ties or the concealing acts, she has failed to link DeStefano to any acts arguably constituting fraudulent concealment. Thus, the amended writ did not revive any claims against DeStefano otherwise barred by the statute of repose, and the trial court sustainably exercised its discretion when it denied the plaintiff's motion to amend as to it. *See id.*

In summary, the trial court properly dismissed all claims against Destefano. Although the trial court properly dismissed the claims against Britton and Sherwood initially, it unsustainably exercised its discretion by not permitting the plaintiff to amend her writ to add fraudulent concealment allegations related to the bent masonry ties that concealed defects in her home's stone veneer. *See ERG, Inc.*, 137 N.H. at 189. Thus, the plaintiff's amended claims against Britton and Sherwood related to the stone veneer are allowed. The plaintiff's amended claims of fraud and RSA chapter 358-A violations, however, plead entirely new causes of action, and the trial court sustainably exercised its discretion in denying them even as they relate to the stone veneer. *See Pesaturo*, 161 N.H. at 557.

> *Affirmed in part; reversed in part; and remanded.*

HICKS, CONBOY and LYNN, JJ., concurred.