# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0324, <u>William Cheney & a. v. Peter Mertins</u>, the court on November 26, 2019, issued the following order:**

Having considered the plaintiffs' brief, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiffs, William Cheney and Danielle Cheney, appeal a jury verdict, following a trial in Superior Court (<u>Smukler</u>, J.), in favor of the defendant, Peter Mertins. On appeal, they challenge pretrial rulings of the Trial Court (<u>Colburn</u>, J.) granting the defendant's motion to exclude undisclosed expert testimony, and denying their motions to extend the discovery deadlines and continue trial. We affirm.

"We have long recognized that justice is best served by a system that reduces surprise at trial by giving both parties the maximum amount of information." <u>Figlioli v. R.J. Moreau Cos.</u>, 151 N.H. 618, 626 (2005). Thus, a party is generally entitled to disclosure of an opposing party's expert witnesses, the substance of the facts and opinions about which the experts are expected to testify, and the basis for their opinions. <u>Id</u>. Failure to provide such information in accordance with a court-ordered discovery schedule should, ordinarily, result in the exclusion of expert opinion testimony at trial absent a showing of good cause. <u>Id</u>.; <u>Super. Ct. R.</u> 1(d).

Pursuant to RSA 516:29-b (Supp. 2018), parties to civil cases are required to "disclose to other parties the identity of <u>any</u> person who may be used at trial to present evidence under Rules 702, 703, or 705 of the New Hampshire rules of evidence." RSA 516:29-b, I (emphasis added); <u>see</u> <u>also</u> <u>Wong v. Ekberg</u>, 148 N.H. 369, 372 (2002) (stating that the expert disclosure policy "applies even when a known factual witness acts as an expert"). If a disclosed witness was retained or specifically employed to provide expert testimony, or if the witness's "duties as an employee of the party regularly involve giving expert testimony," the statute requires the disclosing party to provide a written report containing additional information. RSA 516:29-b, II.

The trial court has broad discretion over the management of discovery and the admissibility of evidence at trial. <u>Laramie v. Stone</u>, 160 N.H. 419, 425 (2010); <u>Figlioli</u>, 151 N.H. at 626. We review the trial court's decisions on such matters pursuant to the unsustainable exercise of discretion standard. <u>Figlioli</u>,

151 N.H. at 626. To satisfy this standard, the plaintiffs must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of their case. Id.

The plaintiffs filed suit in 2017 seeking damages arising out of a December 13, 2014 automobile collision with the defendant. The damages they sought included compensation for pain that Danielle Cheney claimed to have suffered in her neck and back, and medical expenses incurred to diagnose and treat such pain. Shortly before the collision, Danielle Cheney had sought treatment for similar symptoms. By agreement, the plaintiffs' initial expert disclosure deadline of June 15, 2018, was extended by thirty days.

On July 27, 2018, counsel for the defendant wrote to the plaintiffs' counsel, stating that the plaintiffs had not disclosed an expert, and that absent an expert disclosure, the defendant was unable to determine whether to request an independent medical examination prior his own expert disclosure deadline of August 15, 2018. The defendant requested that the plaintiffs advise whether they intended to call any expert witness, and if so, whether they planned to file a motion to extend the expert disclosure deadlines. The plaintiffs did not respond to the defendant's correspondence.

On September 24, 2018, counsel for the defendant again wrote to the plaintiffs' counsel, observing that the plaintiffs had still not provided an expert disclosure, and that the defendant had "no information regarding which, if any, doctor [would] be causally relating [Danielle Cheney's] extensive complaints and ongoing issues to the accident." Defense counsel asserted that, absent an expert disclosure from the plaintiffs, the defendant was "unable to ascertain whether a defense expert [would be] needed." Defense counsel advised that, if the parties were unable to resolve the matter at an upcoming mediation, the defendant intended to file a motion addressing the lack of an expert disclosure.

The defendant moved to exclude undisclosed expert testimony on November 6, 2018. The defendant noted that, although the plaintiffs were claiming that Danielle Cheney suffered from "ongoing unresolved neck and back pain, as well as new symptoms of headaches," and were seeking more than $28,000 in medical bills, no medical expert had been disclosed, and none of Danielle Cheney's medical providers had established a causal connection between her symptoms and the December 13, 2014 collision. The defendant further asserted that, to the extent that the plaintiffs intended to call Danielle Cheney's treating physicians, they had not provided a witness list complying with Superior Court Rule 22. See Super. Ct. R. 22(a)(1) (generally requiring parties to disclose, without awaiting a discovery request, the identity of witnesses likely to have discoverable information that the disclosing party might use to support claims or defenses, and a summary of the information believed to be possessed by each disclosed witness). The defendant argued that, absent a disclosure complying with RSA 516:29-b, the testimony of the

2

physicians should be limited to "fact witness" testimony, and requested that the trial court exclude any "testimony by treating doctors beyond factual information contained in the treating doctor's own medical records at trial."

The plaintiffs objected, asserting that no expert witness "ha[d] been retained in this matter," that they intended to call Danielle Cheney's treating physicians to testify concerning her post-collision medical treatment, and that the physicians would testify "only as to matters and opinions gathered from or generated by actual treatment of Ms. Cheney." The plaintiffs argued that such testimony was "not subject to [the] mandatory disclosure and reporting requirements" of RSA 516:29-b, and that the treating physicians were allowed to testify as to causation, diagnosis, prognosis, and the extent of Danielle Cheney's injuries. The plaintiffs also moved to extend the discovery deadlines, asserting that Danielle Cheney was treating with new medical providers "for continuing pain in her neck and back, and for persistent migraine-type headaches," that they intended to offer evidence of such treatment at trial, and that they were unable to "provide full discovery concerning this treatment under the existing disclosure deadlines." The plaintiffs requested that the trial court "[e]xtend and adjust discovery deadlines as may be necessary," and that it continue trial, which was scheduled to begin on February 4, 2019.

The trial court held a hearing on the motions on January 10, 2019. At the hearing, the plaintiffs conceded that Danielle Cheney's treating physicians would not testify as experts. Nevertheless, they argued that the physicians should be allowed to testify as to causation and "some opinion issues because that's the nature of what they have to do in assessing how to treat someone." The trial court agreed with the latter assertion "within reasonable parameters," but noted that physicians testifying solely as fact witnesses could not opine "about things that are not fact based." The trial court observed that, without hearing the treating physicians' testimony, it could not determine whether any specific testimony amounted to impermissible expert testimony. Thus, the trial court stated that it would grant the motion to exclude based upon the fact that the plaintiffs had not disclosed any expert witnesses, but that it would allow the physicians to offer "fact" testimony at trial, and if the defendant objected to any testimony on the basis that it constituted expert testimony, it would then determine whether the testimony amounted to impermissible expert testimony or permissible fact testimony. The trial court's written order on the motion to exclude expert testimony stated: "AFTER HEARING, THE MOTION IS GRANTED SUBJECT TO REVISITING AT TRIAL. SEE RECORD."

With respect to the motion to extend the discovery deadlines, the trial court stated at the hearing that it would deny the motion and the plaintiffs' requested continuance. The court observed that the underlying automobile collision had occurred several years prior to the hearing, and that trial was scheduled to begin in less than a month. The court further observed that, in personal injury cases involving ongoing medical issues, it is not uncommon for

plaintiffs to seek compensation for future damages and to introduce expert testimony to prove such damages, but that the plaintiffs here had chosen not to disclose an expert. Although the trial court stated that Danielle Cheney would be allowed to testify concerning her current and ongoing pain, it reasoned that her ongoing medical issues did not entitle the plaintiffs to the "benefit of a continuance and . . . unending, never-ending litigation."

The subsequent jury trial resulted in a verdict for the defendant. On appeal, the plaintiffs have not provided a trial transcript. The defendant represents, and the plaintiffs do not dispute, that two physicians and a chiropractor testified on behalf of the plaintiffs at trial. The plaintiffs have provided a full transcript of a trial deposition of one of the physicians, which included objections to certain questions propounded by the plaintiffs on the basis that the questions called for impermissible expert testimony, and the physician's answers to those questions subject to the objections. However, the defendant further represents, again without dispute, that prior to trial, the trial court ruled on the objections raised at the deposition, and that based upon the trial court's rulings, the video of the deposition shown to the jury was edited. The full transcript of the deposition provided by the plaintiffs does not reflect the trial court's rulings on the evidentiary objections or any testimony that was not shown to the jury in accordance with the trial court's rulings.

On appeal, the plaintiffs argue that the trial court unsustainably exercised its discretion by limiting the testimony of the treating physicians, and by refusing to extend the discovery deadlines and continue trial.[1] We disagree.

By its express language, RSA 516:29-b, I, requires the pretrial disclosure of <u>any</u> witness who may provide expert opinion testimony on behalf of a party, regardless of whether the witness was retained to provide such testimony, or whether the witness is also a "fact" witness in the case. Here, the plaintiffs conceded that they had not disclosed the treating physicians as expert witnesses, and that the treating physicians were not testifying as "expert" witnesses. Moreover, the pretrial ruling allowed the treating physicians to testify regarding their treatment of Danielle Cheney, and expressly invited the parties to revisit at trial whether any specific testimony amounted to impermissible expert testimony or permissible fact testimony. Accordingly, the pretrial ruling did not amount to a definitive ruling as to the admissibility of any specific testimony of the treating providers, <u>see</u> <u>Laramie v. Stone</u>, 160 N.H. 419, 431 (2010) (stating that a trial court's decision to defer ruling on a motion <u>in</u> <u>limine</u> is not a definitive ruling for purposes determining whether the motion properly preserved an issue for appellate review), and in the absence of a

---

[1] We assume, without deciding, that the plaintiffs have preserved their arguments that the trial court erred by refusing to extend the discovery deadlines or continue trial, despite the plaintiffs' failure to raise these issues in their notice of appeal. <u>But</u> <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

complete trial transcript, we must assume that a transcript would support any limitations that the trial court ultimately placed upon the providers' testimony at trial, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Finally, as the trial court observed, at the time of the motions hearing, the underlying accident had occurred more than four years previously, and trial was scheduled to begin in less than a month. On this record, we cannot say that the trial court's decisions to exclude "expert" testimony from trial and not to continue trial or extend the discovery deadlines were clearly untenable or unreasonable to the prejudice of the plaintiffs' case. Figlioli, 151 N.H. at 626.

Under the circumstances, the defendant's motion to dismiss the appeal for failure to provide an adequate record is moot. To the extent that the plaintiffs, in their objection to the motion to dismiss, request leave to supplement the record with additional pleadings and portions of the trial transcript, the request is denied.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

5