NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Grafton
No. 2013-381

JAMES YAGER

v.

K. WILLIAM CLAUSON & a.

Argued: April 3, 2014
Opinion Issued: August 13, 2014

Orr & Reno, PA, of Concord (Jeffrey C. Spear on the brief and orally), for the plaintiff.

K. William Clauson, self-represented party, by brief and orally.

Clauson, Atwood and Spaneas filed no brief.

CONBOY, J. The plaintiff, James Yager, appeals an order of the Superior Court (Vaughan, J.) dismissing his claim for legal malpractice against the defendants, K. William Clauson and the law firm of Clauson, Atwood & Spaneas. We vacate and remand.

The record supports the following facts. In 2007, the defendants represented the plaintiff in an action against Mighty Oaks Realty, LLC (Mighty

Oaks), which alleged that "[b]eginning in 2005, Mighty Oaks began cutting timber on two parcels of land belonging to [the plaintiff]." The trial court granted summary judgment in favor of Mighty Oaks, in part, because the plaintiff "offer[ed] no specific facts to show that Mighty Oaks . . . performed the cutting." We affirmed the trial court's decision.

In 2008, the defendants represented the plaintiff in an action against D.H. Hardwick & Sons, Inc. (Hardwick), which alleged that Hardwick was the party who "trespassed on Plaintiff's land and cut timber belonging to Plaintiff." The trial court granted summary judgment in favor of Hardwick because the action was filed more than three years after the timber cutting ceased and, therefore, was barred by the statute of limitations. See RSA 508:4, I (2010). The trial court also concluded that the plaintiff had failed to demonstrate that the discovery rule applied to toll the statute of limitations. The trial court denied the plaintiff's motion for reconsideration, and we affirmed the trial court's decision.

The plaintiff subsequently filed a malpractice action against the defendants, alleging that they "breached the duty of care owed to [the plaintiff] by failing to file the D.H. Hardwick action within the timeframe allowed by the applicable statute of limitations, and by otherwise failing to represent [the plaintiff's] interests with reasonable professional care, skill, and knowledge." The defendants moved to dismiss the case, alleging that the plaintiff had: (1) failed to provide requested discovery information; and (2) failed to disclose the experts required to prove his case. The trial court granted the defendants' motion because "the plaintiff . . . failed to disclose an expert capable of establishing the standard of care and the breach of that standard of care as well as the proximate cause of the alleged injuries." The plaintiff filed a motion for reconsideration, arguing that expert testimony is not required to prove legal malpractice where the defendants failed to file a claim within the applicable statute of limitations. The trial court denied the motion, and this appeal followed. We note that, although both defendants participated in the proceedings before the trial court, only defendant Clauson filed a brief with this court. Nonetheless, our holding applies to both defendants.

"Generally, when reviewing a trial court's ruling on a motion to dismiss, we consider whether the petitioner's allegations are reasonably susceptible of a construction that would permit recovery." Gray v. Kelly, 161 N.H. 160, 164 (2010) (quotation omitted). The defendants, however, moved to dismiss based exclusively upon the plaintiff's failure to provide discovery information and to disclose necessary experts. "It is within the sound discretion of the trial court to dismiss [a] case for failure to comply with the court's discovery order," and we typically "review the court's decision for an unsustainable exercise of discretion." Estate of Sicotte v. Lubin & Meyer, 157 N.H. 670, 673 (2008) (quotation and ellipsis omitted). Because, however, the trial court here

determined that an expert was required as a matter of law, our review is <u>de novo</u>.  <u>Ellis v. Candia Trailers & Snow Equip.</u>, 164 N.H. 457, 463 (2012).

On appeal, the plaintiff argues that "[t]he trial court erred in ruling that expert testimony is required in a legal malpractice case where failure to satisfy a statute of limitations is the salient allegation."  The plaintiff contends that "failure[] to meet a deadline [is] within the ken of lay fact finders, and therefore it [wa]s not necessary to have an expert opine that failure to file a claim within the applicable statute of limitations departs from the standard of care."  He acknowledges that "[n]ot all statute of limitations cases can be resolved without the testimony of expert witnesses," but asserts that under the circumstances of this case, "expert testimony [wa]s not required to prove legal malpractice."  The defendant counters that the trial court correctly dismissed the action because the specific facts of the case required expert testimony to establish the elements of malpractice.

To establish legal malpractice a plaintiff must prove:  "(1) that an attorney-client relationship existed, which placed a duty upon the attorney to exercise reasonable professional care, skill and knowledge in providing legal services to that client; (2) a breach of that duty; and (3) resultant harm legally caused by that breach."  <u>Estate of Sicotte</u>, 157 N.H. at 674 (quotation omitted).

Our prior cases do not establish a <u>per se</u> rule requiring expert testimony to prove the elements of a legal malpractice claim.  <u>See id</u>. at 674-75; <u>Carbone v. Tierney</u>, 151 N.H. 521, 528 (2004).  "Expert testimony is not required where the subject presented is within the realm of common knowledge and everyday experience."  <u>Estate of Sicotte</u>, 157 N.H. at 673-74 (quotation omitted).  "Expert testimony is required where the subject presented is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson."  <u>Id</u>. at 673 (quotation omitted).  "[A]bsent exceptional circumstances, expert testimony is necessary to inform the jury regarding the skill and care ordinarily exercised by lawyers and to prove a breach thereof."  <u>Id</u>. at 674 (quotation omitted).  Additionally, "in most instances, expert testimony is also needed to prove causation."  <u>Id</u>. (quotation omitted).  "Unless the causal link is obvious or can be established by other evidence, expert testimony may be essential to prove what the lawyer should have done."  <u>Id</u>. (quotation omitted).  "[E]xpert testimony on proximate cause is required in cases where determination of that issue is not one that lay people would ordinarily be competent to make."  <u>Id</u>. (quotation omitted).

Thus, although we have stated that expert testimony is <u>generally</u> required in legal malpractice cases, we have not foreclosed the possibility that a plaintiff may prove the elements of legal malpractice without expert testimony.  <u>See Wong v. Ekberg</u>, 148 N.H. 369, 374 (2002).  There may be situations in which an attorney's "negligence is so patent and conclusive that reasonable

persons can reach only one conclusion," id. (quotation omitted), and "expert evidence as to the standard of care and deviation therefrom [is] unnecessary," Allyn v. McDonald, 910 P.2d 263, 266 (Nev. 1996).  See Wagenmann v. Adams, 829 F.2d 196, 219 (1st Cir. 1987) (recognizing that "[c]ourts in other jurisdictions have . . . dispensed with any expert testimony requirement in egregious cases, especially those in which an attorney fails to act once he has undertaken to represent a client").  Whether an attorney was negligent in failing to file a claim before the statute of limitations expired may be such a situation.  See Williams v. Callaghan, 938 F. Supp. 46, 50 (D.D.C. 1996) ("Allowing a statute of limitations to run is an example of the type of conduct by an attorney which can be found negligent as a matter of common knowledge."); House v. Maddox, 360 N.E.2d 580, 584 (Ill. App. Ct. 1977) (concluding that "[i]n the instant [legal malpractice] case, . . . the failure to comply with the statute of limitations was so grossly apparent that a layman would have no difficulty in appraising it" (quotation and ellipsis omitted)); cf. Giron v. Koktavy, 124 P.3d 821, 825-26 (Colo. Ct. App. 2005) (concluding, in legal malpractice case, that plaintiff was not required to file a certificate of review verifying that she consulted with expert "to establish the standard of care regarding [the defendant's] failure to file a case within the applicable statute of limitations").

However, we disagree with the plaintiff's argument that, "as a matter of law, . . . a claim of legal malpractice premised on the failure to file a claim within an applicable statute of limitations does not require disclosure of an expert witness."  (Emphasis added.)  Some cases regarding the statute of limitations may require expert testimony.  For example:

> [I]f the applicability of the statute at issue was uncertain, if significant questions regarding the accrual date of the claim existed, or if issues regarding tolling of the statute existed, the case might extend beyond the realm of ordinary experience and knowledge of the layman, thus requiring an expert witness to establish the attorney's breach of the duty of care.

Allyn, 910 P.2d at 266; see also Sheffer v. McDonough, No. 11-P-886, 2012 WL 1957865, at *1 (Mass. App. Ct. June 1, 2012) (affirming decision that "complexity of determining when the medical malpractice claim arose required an expert to opine on the legal standard of care, and that without an expert the plaintiff had not presented a genuine issue as to any material fact").  Consequently, whether expert testimony is required to prove legal malpractice premised on a failure to file a claim within the statute of limitations depends upon the specific facts of the case and whether they are "within the realm of common knowledge" or "beyond the ken of the average layperson."  Estate of Sicotte, 157 N.H. at 673-74.  This conclusion is consistent with our precedent of examining the allegations of a particular case when reviewing a trial court's

4

decision on the necessity of expert testimony in a legal malpractice case. See, e.g., id. at 674-75; Carbone, 151 N.H. at 528-29; Wong, 148 N.H. at 374.

Here, the trial court granted the defendants' motion to dismiss because "the plaintiff . . . failed to disclose an expert capable of establishing the standard of care and the breach of that standard of care as well as the proximate cause of the alleged injuries." The trial court based its decision on a categorical rule that, "[b]ecause the extent to which an attorney, in the exercise of due care, should investigate a claim to file a timely action is not a matter of common knowledge, a jury would not be able to evaluate the adequacy of the attorney's actions without the aid of expert testimony." (Quotation omitted.) Because we have not adopted such an unqualified rule, the trial court erred as a matter of law in granting the motion to dismiss. See, e.g., Carbone, 151 N.H. at 528-29 (explaining case was not "one of those exceptional cases where [the defendant's] breach of the standard of care was so obviously the legal cause of [the plaintiff's] injuries that expert testimony was not required"); Wong, 148 N.H. at 374 (affirming dismissal of legal malpractice claim for lack of expert testimony because evidence of negligence was not "so patent and conclusive that reasonable persons c[ould] reach only one conclusion" (quotation omitted)).

The defendant argues that the trial court correctly dismissed the claim because the "factual issues at play in the underlying case . . . are precisely the type that require expert disclosure" and the underlying case was not one "where an attorney sat idle while the statute of limitations ran on his client's claim." Although the defendant articulates a fact-based argument on appeal, he did not develop this argument before the trial court. In granting the defendants' motion to dismiss, the trial court did not examine the specific facts of the case to determine whether the nature of the case was such that expert testimony was required.

Accordingly, we vacate the trial court's dismissal order and remand for further proceedings. We express no opinion as to whether the circumstances of the case dictate a different result — we leave to the trial court the application of the correct legal standard in the first instance.

Vacated and remanded.

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.