NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Grafton
No. 2015-0463


JAMES YAGER

v.

K. WILLIAM CLAUSON & a.

Submitted: March 3, 2016
Opinion Issued: April 19, 2016


Orr & Reno, P.A., of Concord (Jeffrey C. Spear on the brief), for the plaintiff.


K. William Clauson, self-represented party, by brief.


Clauson, Atwood & Spaneas filed no brief.


DALIANIS, C.J. The plaintiff, James Yager (the client), appeals orders of the Superior Court (MacLeod, J.) granting summary judgment to defendant K. William Clauson (the attorney) on the client's legal malpractice claim and dismissing that claim as to defendant Clauson, Atwood & Spaneas (the law firm). Of the two defendants, only the attorney has appeared in this appeal. We affirm the trial court's decision to dismiss the client's legal malpractice action against the law firm, reverse its grant of summary judgment to the attorney, and remand for further proceedings consistent with this opinion.

I.  The Grant of Summary Judgment to the Attorney

  A.  Relevant Facts

    This is the second appeal of this case and many of the underlying facts and procedural history are set forth in our prior decision, Yager v. Clauson, 166 N.H. 570 (2014).  The client's legal malpractice claim stems from the defendants' representation of him in two timber trespass actions.  See id. at 571.  The first action was brought against Mighty Oaks Realty, LLC (Mighty Oaks) in 2007 (the Mighty Oaks action).  Id.  Summary judgment was granted to Mighty Oaks, in part, because the client failed to prove that Mighty Oaks was the entity that cut the timber.  Id.

    The second action was brought against D.H. Hardwick & Sons, Inc. (Hardwick) in 2008 (the Hardwick action).  Id.  In that action, the client alleged that Hardwick was the entity that cut the timber.  Id.  Summary judgment was granted to Hardwick because the action had been filed more than three years after the timber cutting had ceased and, thus, was barred by the applicable statute of limitations.  Id.  We affirmed the trial court decisions in both actions. Id.

    Thereafter, the client filed the instant malpractice action against the defendants alleging that the applicable standard of care was breached because the Hardwick action was not timely filed.  Id.  The defendants moved to dismiss on two grounds:  (1) because the client failed to provide requested discovery; and (2) because the client failed to disclose the experts necessary to prove his legal malpractice claim.  Id. at 571-72.  In 2013, the trial court granted the motion to dismiss on the second ground and did not reach the first ground. See id. at 572.  In granting the motion to dismiss on the second ground, the trial court ruled that an expert was required to prove legal malpractice as a matter of law.  See id. at 574-75.  We vacated that decision and remanded for further proceedings.  Id. at 575.  We held that, to the extent that the trial court had applied a per se rule requiring expert testimony to prove the elements of a legal malpractice claim, it had erred.  Id. at 573, 574-75.  We remanded for the court to "examine the specific facts of the case to determine whether the nature of the case was such that expert testimony was required."  Id. at 575.

    On remand, the attorney moved for summary judgment, arguing that an expert was necessary to prove that:  (1) the attorney breached the standard of care; and (2) the client would have prevailed in the Hardwick action.  In objecting to the motion, the client argued that no expert testimony was required to establish which statute of limitations applied to the Hardwick action because the court in that action had already decided the issue.  The client further argued that the court in the Hardwick action had also already decided that he could offer lay opinion testimony about the location of the boundary lines of his property and his damages.  In addition, the client

2

asserted that he had already designated experts to testify about his title claim and the boundaries of his property and that no additional experts were necessary to prove his timber trespass claim. Finally, with respect to proximate cause in his legal malpractice case, the client asserted that "proximate cause refers to the 'case within a case,'" and that no legal expert was required to prove this element of his legal malpractice claim.

The trial court granted the attorney's motion over the client's objection. The trial court distinguished "between expert witness testimony necessary to establish the facts of the underlying claim and expert witness testimony necessary to apply the law to those facts to prove proximate causation in a legal malpractice case." Because the court determined that "[a]pplying the law to the facts in this case" is so distinctly related to the practice of law as to be beyond the ken of the average layperson, the court ruled that expert testimony is required. The trial court concluded that, although the experts whom the client had already identified "may establish the facts of the underlying dispute," they "are unable to apply the law of timber trespass to these facts to establish proximate . . . causation" in the legal malpractice claim. Accordingly, the court granted the attorney's summary judgment motion. The court did not address in its order the attorney's argument that an expert was also required to establish breach of the applicable standard of care. The client unsuccessfully moved for reconsideration. This appeal followed.

To the extent that the attorney purports to challenge the trial court's finding that the experts whom the client had already identified were sufficient to establish the facts of the underlying timber trespass dispute, we decline to address his arguments because he did not file a cross-appeal.

B. Analysis

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. Camire v. Gunstock Area Comm'n, 166 N.H. 374, 376 (2014). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Id. We review the trial court's application of the law to the facts de novo. Id.

In a legal malpractice case, as in any other negligence case, the plaintiff has the "burden to prove facts upon which the law imposes a duty of care, breach of that duty, and so-called proximate causation of harm." North Bay Council, Inc. v. Bruckner, 131 N.H. 538, 542 (1989). Thus, to prevail in his legal malpractice claim, the client had to prove that: (1) he and the attorney had an attorney-client relationship; (2) the attorney breached his duty to exercise reasonable professional care, skill, and knowledge in providing legal services to the client when he failed to file the Hardwick action within the

3

applicable statute of limitations; and (3) the attorney's breach of the requisite standard of care proximately caused the client harm.  See Yager, 166 N.H. at 572-73.

To establish proximate causation in a legal malpractice case, a plaintiff must demonstrate "what result should have occurred if the lawyer had not been negligent."  Carbone v. Tierney, 151 N.H. 521, 528 (2004) (quotation and ellipsis omitted).  Thus, a legal malpractice plaintiff "essentially has a double burden of proof":  he first must establish that the defendant was negligent, meaning that the defendant owed him a duty of care and breached that duty, and he must then establish that the underlying claim was recoverable.  4 R. Mallen & J. Smith, Legal Malpractice § 33:9, at 720 (2012 ed.).  Although in some jurisdictions, the plaintiff must also prove that the claim was "collectible," id., in New Hampshire, "noncollectibility of the underlying judgment is an affirmative defense that must be proved by the defendant."  Carbone, 151 N.H. at 533.

Whereas in medical malpractice cases, we have held that expert testimony is required to prove proximate cause, Beckles v. Madden, 160 N.H. 118, 125 (2010), we have declined to adopt a similar per se rule in legal malpractice cases, see Yager, 166 N.H. at 573.  Instead, we have held that whether expert testimony is required to prove proximate cause in a legal malpractice case depends upon the specific facts of the case.  See id. at 573-75.

In this case, the trial court concluded that a legal expert was necessary for the plaintiff to prove "what result should have occurred" had the Hardwick action been timely filed.  Carbone, 151 N.H. at 528 (quotation and ellipsis omitted).  The client argues that this was error because he could have used the "trial-within-a-trial" method to prove this.  We hold that, to the extent that the trial court determined that the trial-within-a-trial method was unavailable to the client, as a matter of law, the trial court erred.  See McIntire v. Lee, 149 N.H. 160, 165-66 (2003); Witte v. Desmarais, 136 N.H. 178, 189 (1992).

Recreating the underlying case is "[t]he traditional means of resolving what should have happened" had an attorney's negligence not occurred. Mallen & Smith, supra § 33:3, at 626; see Garcia v. Kozlov, Seaton, Romanini, 845 A.2d 602, 611-12 (N.J. 2004).  "Recreating the underlying action requires calling and examining those persons who would have been witnesses and presenting the demonstrative and documentary evidence that would have been presented but for the attorney's negligence."  Mallen & Smith, supra § 37:15, at 1510.  "This process then becomes in essence a trial within a trial."  Witte, 136 N.H. at 189; see McIntire, 149 N.H. at 165; see also Mallen & Smith, supra § 37:15, at 1511.  In the "trial within a trial," the jury in the legal malpractice action "substitute[s] itself as the trier of fact" in the underlying action and "determine[s] the factual issues presented on the same evidence that should

4

have been presented to the original trier of fact." McIntire, 149 N.H. at 165 (quotation omitted). The trial-within-a-trial approach is "regularly employed in most jurisdictions" in legal malpractice cases, Garcia, 845 A.2d at 612, and has been employed in New Hampshire, see McIntire, 149 N.H. at 165-66; Witte, 136 N.H. at 188-89.

Whether the trial-within-a-trial method of proving proximate causation is applicable depends upon "the nature of the attorney's error." Mallen & Smith, supra § 37:15, at 1509; see Osborne v. Keeney, 399 S.W.3d 1, 10 (Ky. 2012). When the injury claimed does not depend upon "the merits of the underlying action, the methodology is not applicable." Mallen & Smith, supra § 37:15, at 1510; see Osborne, 399 S.W.3d at 10 n.17.

However, when, as in this case, the alleged negligence concerns the attorney's failure to file an action within the applicable statute of limitations, the trial-within-a-trial method is particularly apt. Mallen & Smith, supra § 37:15, at 1509-10; see Osborne, 399 S.W.3d at 10 n.17 (citing cases and observing that "a lawyer failing to file a claim before the expiration of the statute of limitations is the predominant circumstance" in which the trial-within-a-trial approach is applied). As one commentator has observed, "[t]he justification for applying the [trial-within-a-trial] method" when a lawyer misses the statute of limitations "is readily apparent": "To ask plaintiffs to try their claims only once before receiving compensation is no burden and requires no special justification." C. Crapster, The Common Sense of Re-creation: Why Texas Should Close the Door to Expert Testimony on But-for Causation in Litigation Malpractice, 40 Tex. Tech. L. Rev. 151, 165 (Fall 2007).

Here, to the extent that the trial court ruled that the client could not use the trial-within-a-trial method to prove "what result should have occurred" had the Hardwick action been timely filed, the trial court erred. Carbone, 151 N.H. at 528 (quotation and ellipsis omitted). This method was an acceptable means of proving proximate cause in the client's legal malpractice claim. See McIntire, 149 N.H. at 165-66.

We do not share the attorney's interpretation of the client's appellate argument. According to the attorney, the client's appellate argument "is that he had disclosed experts to prove proximate cause" in his legal malpractice claim. To the contrary, we believe that the client has argued that he disclosed sufficient experts to prove his underlying timber trespass claim and that he does not need a legal expert to prove proximate cause in his legal malpractice claim because he will rely upon the trial-within-a-trial method to prove this element.

Because the trial court did not address the issue, we do not opine as to whether expert testimony is necessary in this case to prove that the attorney

5

breached the applicable standard of care.  See Yager, 166 N.H. at 573-74 (eschewing a per se rule that expert witness testimony is not required to prove a breach of the standard of care when a legal malpractice claim is premised upon the failure to file a claim within an applicable statute of limitations).

## II.  The Dismissal of the Case Against the Law Firm

### A.  Relevant Facts

In May 2015, the attorney filed a motion requesting that the court revisit the motion to dismiss upon which the trial court had only partially ruled in 2013.  The attorney asked the court to rule upon the first ground asserted in the motion to dismiss – requesting dismissal because the client had failed to provide requested discovery.  There is no objection to the May 2015 motion in the record submitted on appeal.  On July 9, 2015, the trial court issued an order stating that the attorney's May 2015 motion was "moot."  On July 27, the court clarified that the May 2015 motion was granted as to the law firm, and, on July 28, the court issued an order reiterating that the motion was moot as to the attorney and granted as to the law firm.  The record on appeal does not include any motions to reconsider the trial court's July 9, 27 or 28 orders.

Also on July 27, the client filed an appeal of the trial court's grant of summary judgment for the attorney.  On August 18, we ordered the client to file a brief memorandum addressing whether the superior court proceeding had been concluded as to both defendants and, therefore, whether his appeal was from a final, as opposed to an interlocutory, order.  See Germain v. Germain, 137 N.H. 82, 84 (1993) (when trial court issues order entering judgment with respect to some but not all parties to the action, or deciding some but not all issues or claims, supreme court considers appeal from such order to be interlocutory).

On September 1, the client responded by stating that, "[a]lthough there is some question as to whether the summary judgment order on appeal in this docket resolved the claims against all defendants," he had filed an appeal of the trial court's July 27 and July 28 orders dismissing his claim as to the law firm, and that "[t]his concludes the Superior Court action as to both defendants and permits this Court to hear the appeals."  The client's appeal of the court's July 27 and July 28 orders was docketed as a supplement to his appeal of the trial court's decision granting summary judgment to the attorney, and his appeal was accepted on September 4.  Because the law firm never responded to our orders regarding its intent to participate in this appeal, by order dated December 23, we deemed it to be a non-participant in the appeal.

B.  Analysis

        We review the trial court's decision to grant the motion to dismiss as to the law firm on the ground that the client failed to provide discovery under our unsustainable exercise of discretion standard.  Yager, 166 N.H. at 572.

        The client first argues that the trial court lacked jurisdiction to issue its July 27 and July 28 orders because, by filing his appeal with the requisite filing fee, he perfected it, which, he contends, vested exclusive jurisdiction in this court.  See Appeal of Public Serv. Co. of N.H., 130 N.H. 285, 297 (1988).  He asserts that, because the court's summary judgment order was a final decision on the merits that resolved the case with respect to both defendants, the trial court lacked subject matter jurisdiction to address the pending motion to dismiss.  We disagree.

        As the record reflects, the trial court's summary judgment order resolved the case with respect to the attorney, but did not resolve it with respect to the law firm.  Thus, when the client filed his appeal on July 27, it was an interlocutory appeal.  See Germain, 137 N.H. at 84; see also Sup. Ct. R. 8 (pertaining to an interlocutory appeal from ruling).  Accordingly, the client's July 27 appeal of the trial court's summary judgment order did not deprive the trial court of jurisdiction to address the motion to dismiss then pending against the law firm.  See Appeal of Public Serv. Co., 130 N.H. at 297 (explaining that the "lower tribunal is not prohibited by the general rule [regarding perfecting an appeal] from passing on collateral, subsidiary or independent matters affecting the case" (quotation omitted)).

        The client next argues that, having issued its July 9 order declaring the motion to dismiss moot, the trial court erred by sua sponte granting the motion to dismiss as to the law firm.  But see Merrimack Valley Wood Prods. v. Near, 152 N.H. 192, 203 (2005) (explaining that "[t]here can be no question of the inherent power of the Court to review its own proceedings to correct error or prevent injustice" (quotation omitted)).  Additionally, the client contends that the trial court erred by granting the motion to dismiss because the discovery request, motion to dismiss, and the trial court's actions violated certain superior court rules.  Specifically, he contends that the discovery request was infirm because it did not contain the notice required by former Superior Court Rule 36 (pertaining to interrogatories).  He argues that the motion was faulty because it was not accompanied by an affidavit.  See Super. Ct. R. 57 (superseded by Super. Ct. Civ. R. 11).  And, he asserts that the trial court's orders were procedurally defective because the court did not first make a finding of discovery abuse, see Super. Ct. R. 35(g)(1) (superseded by Super. Ct. Civ. R. 21(d)(1)), or grant a conditional default, see Super. Ct. R. 36 (superseded by Super. Ct. Civ. R. 29(c)).

7

Although the client concedes that he "did not raise these issues himself," he argues that "they were indisputably before the trial court." We disagree that the issues were "indisputably before the trial court," and conclude that the client has failed to preserve these appellate arguments for our review.

Generally, "parties may not have judicial review of matters not raised in the forum of trial." Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the burden of the appealing party, here the client, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues before the trial court. Id. "Because our rules affirmatively require the moving party both to provide a sufficient record on appeal and to demonstrate where each question presented on appeal was raised below, see Sup. Ct. Rs. 13, 16(3)(b), failure of the moving party to comply with these requirements may be considered by the court regardless of whether the opposing party objects on those grounds." Id.

The record on appeal does not demonstrate that the client raised any of these issues in the trial court. Significantly, according to the record submitted on appeal, the client did not file a motion to reconsider after the trial court issued its July 27 and July 28 orders. Nor does the record demonstrate that he objected to the attorney's May 2015 motion asking the court to revisit the motion to dismiss. Moreover, the client did not raise any of these arguments in his objection to the attorney's 2013 motion to dismiss. The client urges us to address his arguments under our plain error rule, however, we decline to exercise our discretion to do so. See Sup. Ct. R. 16-A.

Although the attorney implies that he is also entitled to dismissal because the client did not disclose the final survey report of his land surveying expert until January 14, 2015, which the attorney asserts "was completely improper," we decline to address this argument in the first instance.

> Affirmed in part; reversed in part; and remanded.

HICKS, CONBOY, and LYNN, JJ., concurred.

8