**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0403, <u>Backus, Meyer & Branch, LLP v. Mark Skiathitis</u>, the court on April 29, 2016, issued the following order:**

Having considered the brief filed by the defendant, Mark Skiathitis (client), the memorandum of law filed by the plaintiff, Backus, Meyer & Branch, LLP (law firm), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The client appeals the jury verdict entered in favor of the law firm in the law firm's breach of contract action to recover an outstanding balance for legal services provided to the client. He argues that the Superior Court (<u>Abramson</u>, J.) erred when it granted the law firm's motion <u>in</u> <u>limine</u> to preclude the client from introducing evidence or arguing that his attorney violated the Rules of Professional Conduct or any other applicable standard of care. We affirm.

In granting the law firm's motion, the trial court explained that because "there is no negligence claim here" and because the client had not disclosed any experts to testify about the applicable standard of care, the Rules of Professional Conduct and the standard of care were not relevant. The court further explained to the client:

> THE COURT: I want to remind you that I have ruled out and precluded you from discussing the Code of Professional Conduct in this case. You raise it again in your request for jury instructions, and I will have to admonish you on the record if you do that in front of the jury. You are not an expert in legal matters and you would need an expert to say that there's been any breach of duty based on that code. So I am going to remind you again not to do that.
>
> . . . .
>
> THE COURT: And so I would remind you as well that there are no counterclaims. You have never pled a counterclaim in this case. And so there should be no argument to the jury regarding a counterclaim.

As the appealing party, the client has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). The client has not met this burden. The record on appeal supports the trial court's finding that

the client did not plead a negligence counterclaim.  Even if the client had pleaded such a counterclaim, the record on appeal does not demonstrate that the client ever disclosed an expert witness to testify regarding the applicable standard of care and the attorney's breach thereof.  We have held that "[a]bsent exceptional circumstances, expert testimony is necessary to inform the jury regarding the skill and care ordinarily exercised by lawyers and to prove a breach thereof."  Yager v. Clauson, 166 N.H. 570, 573 (2014) (quotation omitted).  The client has not persuaded us that the instant case involves such "exceptional circumstances."  Id.  To the extent that the client additionally argues that the trial court erred by disallowing "a Mitigation defense," his argument is insufficiently developed for our review.  Because the client has failed to demonstrate that the trial court committed reversible error, we affirm.  Gallo, 166 N.H. at 740.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**