**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0359, <u>Aaron E. Olson v. Robert S. Carey, Esq. & a.</u>, the court on June 26, 2019, issued the following order:**

Having considered the briefs of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Aaron E. Olson, appeals an order of the Superior Court (<u>Tucker</u>, J.) dismissing his legal malpractice action against the defendants, Robert S. Carey, Esq., and the law firm of Orr & Reno, P.A., for failure to disclose an expert witness. We affirm.

The following relevant facts are found in the plaintiff's complaint, and the procedural history is taken from the trial court's orders or the record before us. In March 2012, the plaintiff hired the defendants to represent him in a federal criminal case. Prior to entering into a plea agreement in April 2014, Carey advised the plaintiff that he faced a maximum sentence of five years under the proposed agreement. The plaintiff accepted the plea agreement and subsequently pled guilty to four counts of federal tax evasion.

Before his sentencing hearing, the plaintiff solicited a second opinion and learned that he actually faced a 20-year maximum sentence under the plea agreement. The plaintiff hired a new attorney, who assisted the plaintiff in withdrawing his guilty plea. In February 2015, the federal district court granted the plaintiff's assented-to motion to withdraw his guilty plea, and he later entered into a new plea agreement and was subsequently sentenced to a term of five years in federal prison.

The plaintiff thereafter brought this action against the defendants. His complaint sought damages for negligence, breach of fiduciary duty, and breach of contract, all based upon Carey's advice regarding the maximum sentence he faced under the initial plea agreement. The case structuring order required the plaintiff to disclose expert witnesses and their reports by October 31, 2017. <u>See</u> RSA 516:29-b, I-III (Supp. 2018). On or around October 31, the plaintiff filed an expert disclosure, identifying Peter Russo as his expert witness. Russo is a former federal probation officer with whom the plaintiff's second attorney consulted to determine the plaintiff's maximum sentencing exposure under the initial plea agreement. In lieu of an expert report, the plaintiff provided a memorandum Russo had written for the plaintiff's second attorney as part of this consultation. The memorandum does not reference the defendants or include an opinion on an attorney's standard of professional care or the quality or consequences of Carey's representation.

The defendants moved to dismiss the plaintiff's complaint for failing to disclose an expert opinion sufficient to establish and prove a breach of the standard of care ordinarily expected of attorneys. The defendants included with their motion an affidavit signed by Russo, which states that he is not a lawyer, is not familiar with the standards for legal malpractice in New Hampshire, and has no opinion as to whether malpractice occurred during the defendants' representation of the plaintiff. Based upon the record before the trial court, the plaintiff argued that this case presents an exceptional circumstance in which expert testimony is not necessary. He also argued that the federal district judge's "findings" and Russo's report were "more than sufficient to present the 'opinions' of persons with expertise in this issue" and "to supplant the need for an independent expert."

The trial court granted the defendants' motion, concluding that expert testimony was necessary to establish the professional standard of care and breach thereof. The plaintiff then moved to reconsider. The trial court denied the motion, and this appeal followed.

The defendants moved to dismiss the plaintiff's Notice of Appeal as untimely because his Notice was due by June 21, 2018, but was received by this court on June 25. See Sup. Ct. R. 7(1)(A). We denied the defendants' motion without prejudice to their ability to argue in their brief or memorandum of law that the legal principle established in Houston v. Lack, 487 U.S. 266 (1988), raised by the plaintiff in his objection to the motion, should not similarly apply under this court's Rule 7 and Rule 26. See Houston, 487 U.S. at 269, 275-76 (holding that, under the Federal Rules of Appellate Procedure, a self-represented prisoner's notice of appeal is deemed filed when it is delivered to prison officials).

On appeal, the plaintiff argues that the trial court erred in: (1) ruling that the plaintiff failed to disclose an expert; and (2) dismissing the case rather than "fashioning a less draconian order," such as providing the plaintiff with additional time to procure an expert. (Capitalization omitted). The defendants argue that the trial court correctly dismissed the plaintiff's complaint. They also argue that our court rules provide sufficient safeguards for self-represented appellants in prison such that we need not adopt the rule in Houston. Nonetheless, the defendants maintain that even if we decide to follow Houston, the plaintiff has failed to demonstrate that he is entitled to relief under that rule. We need not reach this issue, however, because we conclude that the trial court did not err in dismissing the plaintiff's complaint for failing to disclose an expert.

Generally, when reviewing a trial court's ruling on a motion to dismiss, we consider whether the petitioner's allegations are reasonably susceptible of a construction that would permit recovery. Yager v. Clauson, 166 N.H. 570, 572 (2014). The trial court, however, granted the defendants' motion to dismiss for failure to disclose a necessary expert pursuant to the case structuring order.

2

We have long recognized that justice is best served by a system that reduces surprise at trial by giving both parties the maximum amount of information. Wong v. Ekberg, 148 N.H. 369, 372 (2002). A party is thus entitled to disclosure of an opposing party's experts, the substance of the facts and opinions about which they are expected to testify, and the basis of those opinions. Id. We have held that it is within the sound discretion of the trial court to dismiss a case for failure to comply with the court's discovery order. Yager, 166 N.H. at 572. In reviewing a discovery sanction, we will not reverse the trial court's ruling unless it constitutes an unsustainable exercise of discretion. Wong, 148 N.H. at 372.

As an initial matter, the plaintiff appears to suggest that we should apply the standard under federal law to prove ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687 (1984), rather than our standard to prove a legal malpractice claim, see Yager, 166 N.H. at 572-73, to determine whether the trial court properly dismissed the plaintiff's complaint for failure to disclose an expert. However, the ineffective assistance of counsel standard applies to circumstances where a criminal defendant challenges his conviction based upon a claim that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland, 466 U.S. at 687. Here, the plaintiff is not challenging his conviction; he is seeking to recover damages he claims he incurred as a result of Carey's allegedly erroneous legal advice. Thus, we apply the standard to prove a legal malpractice claim to determine whether the trial court's dismissal of the plaintiff's complaint for failure to disclose an expert witness constitutes an unsustainable exercise of discretion.

It is well established that expert testimony is required where the subject presented is so distinctly related to some science, profession, or occupation as to be beyond the ken of the average layperson. Carbone v. Tierney, 151 N.H. 521, 527 (2004). Expert testimony is not required where the subject presented is within the realm of common knowledge and everyday experience. Id. These general principles apply to legal malpractice actions. Id.

To establish legal malpractice, a plaintiff must prove: (1) that an attorney-client relationship existed, which placed a duty upon the attorney to exercise reasonable professional care, skill, and knowledge in providing legal services to that client; (2) a breach of that duty; and (3) a resultant harm legally caused by that breach. Yager, 166 N.H. at 572-73. We have held that, absent exceptional circumstances, expert testimony is necessary in legal malpractice cases to inform the jury regarding the skill and care ordinarily exercised by lawyers and to prove a breach thereof. Id. at 573. We have also held that, in most instances, expert testimony is required to prove causation. Carbone, 151 N.H. at 528. Without expert testimony, lay juries are unlikely to understand most litigation issues, local practices, or the range of issues that influence how an attorney should act or advise. Wong, 148 N.H. at 374.

3

Nevertheless, although we have stated that expert testimony is generally required in legal malpractice cases, we have not foreclosed the possibility that a plaintiff may prove the elements of legal malpractice without expert testimony. Yager, 166 N.H. at 573. There may be circumstances in which an attorney's negligence is so patent that reasonable persons can reach only one conclusion, and thus, expert evidence as to the standard of care and deviation therefrom is unnecessary. Id. We conclude, however, that the plaintiff's allegations do not present such circumstances.

The plaintiff's claims are based upon Carey's legal assessment of the plaintiff's potential maximum sentencing exposure under the terms of his initial plea agreement in a federal criminal case. Although the plea agreement does not appear in the record before us, the record supports the trial court's determination that Carey's advice was based upon his interpretation and application of a subject matter that is well outside of the ken of the average lay person: the United States Sentencing Guidelines. See, e.g., United States Sentencing Commission, Guidelines Manual, § 2T1.1 (Nov. 2018) (setting forth sentencing guidelines for tax-related offenses). Based upon Russo's memorandum, it was necessary for Carey to analyze the federal sentencing guidelines in order to determine the plaintiff's maximum sentencing exposure under the plea agreement. This subject would require a jury to determine whether Carey breached his duty to exercise the appropriate skill and care in assessing and applying the guidelines, pursuant to the terms and conditions of the plea agreement, when he opined on the plaintiff's sentencing exposure. See Yager, 166 N.H. at 572-73. Without the aid of expert testimony defining this standard of care in the context of this case — providing legal advice about the interpretation and application of federal sentencing guidelines to a plea agreement — a lay juror would be unable to determine whether Carey's advice to the plaintiff fell below that standard. For this reason, we agree with the trial court that establishing the standard of professional care, skill, and knowledge exercised by a reasonable attorney in interpreting and applying the federal sentencing guidelines, and whether Carey breached that standard, requires evidence from an expert witness.

The plaintiff, however, insists that the trial court should have allowed his case to proceed because: (1) the federal district court's ruling, in which the court allowed the plaintiff to withdraw his guilty plea, is sufficient to serve as an expert opinion; and (2) Russo can serve as an expert because he "has vast knowledge about sentences and sentencing." We disagree.

First, the federal district court's order is insufficient to constitute expert testimony. The order merely granted the plaintiff's assented-to motion to withdraw his guilty plea, and notes that it was undisputed that the plaintiff's "former counsel . . . concede[d]" that he instructed the plaintiff that he was subject to a five-year maximum sentence. It articulates no findings on the reasonable professional standard of care, skill, and knowledge exercised by an attorney in representing a client, or that Carey breached that standard of care.

4

Second, and more importantly, a court order constitutes neither expert testimony under Rules 702 and 703 of the New Hampshire Rules of Evidence, nor an expert disclosure under RSA 516:29-b. As we have previously held, when the law imposes a requirement of expert testimony to establish professional negligence, "other forms of evidence as to the standard of care are . . . insufficient." Smith v. HCA Health Servs. of N.H., 159 N.H. 158, 161-62 (2009); see Wong, 148 N.H. at 375 (concluding that the plaintiff cannot establish the defendant's duty and breach solely through the rules of professional conduct); Bissett v. Renna, 142 N.H. 788, 790, 792-93 (1998) (holding that a Food and Drug Administration publication recommending how and when various drugs should be prescribed was insufficient to establish the standard of care in a medical malpractice action). Therefore, the plaintiff's malpractice claims cannot proceed on this basis.

We further conclude that the trial court did not commit an unsustainable exercise of discretion when it dismissed the plaintiff's claims despite his disclosure of Russo as his expert witness. Although Russo's testimony may provide some evidence that Carey's advice to the plaintiff was erroneous, proof of an attorney's mistake is insufficient by itself to prove a legal malpractice claim. See Yager, 166 N.H. at 572-73; see also 2 Robert E. Mallen, Legal Malpractice § 20:1, at 1325 (2019 ed.) ("The attorney who has erred might not have been negligent, even if the error caused injury to the client."). A malpractice claim, rather, requires proof that an attorney breached his duty to exercise reasonable professional care, skill, and knowledge in providing legal services to a client. See Yager, 166 N.H. at 572-73.

Russo, who is not a lawyer, did not offer any opinion in his memorandum that could establish the skill and care ordinarily exercised by lawyers or that Carey breached that duty of skill and care in providing legal advice to the plaintiff. See Carbone, 151 N.H. at 528; RSA 516:29-b, II, II(a) (requiring an expert disclosure to be accompanied by a written report containing "a complete statement" of "[a]ll opinions to be expressed and the basis and reasons therefor"). Further, the defendants submitted to the trial court an affidavit signed by Russo, which the plaintiff does not dispute, expressly stating that Russo is not familiar with the standards of legal malpractice in New Hampshire. Thus, by his own admission, Russo was not qualified to testify as an expert to establish the applicable standard of care, which was necessary to prove the plaintiff's legal malpractice claims. See Bissett, 142 N.H. at 792 (upholding the trial court's discretion in ruling that the plaintiff's expert could not serve as her sole liability expert based upon the expert's own admission that he was unfamiliar with the applicable standard of care). Accordingly, the trial court did not commit an unsustainable exercise of discretion in prohibiting the plaintiff's claims from proceeding solely on his expert disclosure of Russo.

The plaintiff next argues that the trial court erred when it dismissed his complaint for his failure to disclose an expert rather than providing another

remedy.  He suggests that the trial court could have stayed the case until the plaintiff's release to home confinement, given him additional time to hire an expert, or "provided an avenue" in which he could hire additional experts.

We agree with the defendants that there is nothing in the record before us to demonstrate that the plaintiff raised this argument to the trial court. Consequently, the trial court did not have an opportunity to consider this argument before it was presented to us on appeal.  See Halifax-American Energy Co. v. Provider Power, LLC, 170 N.H. 569, 574 (2018).  Because the defendant has not met his burden to demonstrate that he specifically raised before the trial court the argument articulated in his appellate brief, see id., we decline to consider it.

Accordingly, we affirm the trial court's order dismissing the plaintiff's complaint.  All arguments the plaintiff raised in his notice of appeal, but did not brief, are deemed waived.  In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

LYNN, C.J., and HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,
Clerk**