**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0448, <u>Christine Christian v. Suzan A. Messina</u>, the court on September 28, 2022, issued the following order:**

Having considered the briefs, oral arguments of the parties, and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Christine Christian, appeals an order of the Superior Court (<u>Temple</u>, J.) granting summary judgment to the defendant, Suzan A. Messina. We affirm.

The following facts are undisputed. In October 2009, Mortgage Master, Inc. (Mortgage Master) retained the defendant to act as a closing agent in connection with the purchase and sale of a residential property in Hudson. Mortgage Master asked the defendant to "provide [a] closing protection letter, wiring instructions, escrow instructions and title commitment." The plaintiff and her now ex-husband, Eric Miller, were the purchasers of the property. The defendant sent a letter to Miller advising him that her office had been retained by Mortgage Master to conduct the real estate closing for the property, recommending that he "obtain an Owner's Title Insurance Policy," and notifying him that the Policy would be prepared for him unless the office was otherwise notified. Upon the plaintiff's authorization, the defendant obtained a policy from Chicago Title Company (the title insurance policy). The defendant also prepared a warranty deed for the plaintiff and Miller that was signed by the seller.

Prior to closing, Mortgage Master sent the defendant a list of closing instructions. With respect to title work, the defendant was instructed to "prove no delinquent taxes, undisclosed liens, judgments or assessments." The defendant did not otherwise conduct a title search, she did not represent to the plaintiff that she had done so, nor did the title insurance policy state that a title search was conducted or provide a title opinion. Nonetheless, the plaintiff had a subjective belief that the defendant would conduct a title search "by reviewing the records at the registry of deeds to determine if there were any title defects." In addition, despite that the defendant never represented to the plaintiff that she was her attorney and that there was no engagement letter or fee agreement between them, the plaintiff believed that the defendant was her attorney and representing her interests.

The plaintiff and Miller subsequently divorced and, in 2018, they entered into a purchase and sale agreement to sell the property. The purchaser's attorney conducted a complete title search and discovered defects in the title including that the legal description in the warranty deed prepared by the defendant was "missing a course," and that a deceased individual's interest in a portion of the property as a tenant in common was "outstanding." Chicago Title accepted a claim under the title insurance policy and the plaintiff and Miller received money to retain an attorney to file a petition to quiet title. The property sold in March 2020.

The plaintiff sued the defendant, claiming negligence, breach of fiduciary duty, and negligent misrepresentation. The negligence claim alleged that the defendant failed to exercise due care by not conducting a complete title search in the course of procuring the title insurance policy and preparing the warranty deed. The fiduciary duty claim alleged that the defendant had a duty to act in the plaintiff's best interest by discovering the title defects and preparing an accurate warranty deed. The complaint also alleged that the defendant made a negligent misrepresentation (1) when she represented that she would address the title defects and file a petition to quiet title but did not do so, and (2) by remaining silent as to whether a title search had been conducted, thereby implicitly misrepresenting that the property was clear and marketable.

Following a hearing, the trial court granted the defendant's motion for summary judgment. As to the negligence and breach of fiduciary duty claims, the trial court found that expert testimony was necessary for the plaintiff to succeed in demonstrating a breach of duty or the applicable standard of care. Given that the plaintiff conceded that she did not intend to have an expert testify, the court determined that the defendant was entitled to judgment as a matter of law on those claims. As to the negligent misrepresentation claim, the trial court found that the "undisputed facts clearly demonstrate that the defendant believed she would be representing the plaintiff in the quiet title action" and that the plaintiff "ha[d] not offered any facts or evidence to suggest" otherwise. The court further found that mere silence is not sufficient to establish a misrepresentation. Thus, the trial court determined that the defendant was entitled to judgment as a matter of law on those claims as well. The court subsequently denied the plaintiff's motion for reconsideration.

On appeal, the plaintiff asserts that: she was not required to present expert testimony to prove her claims of professional malpractice and breach of fiduciary duty; the trial court misconstrued the grounds for her negligent misrepresentation claim; and the court "did not address [her] favorable evidence of [the defendant's] words and conduct that amounted to an admission of liability." To the extent that the plaintiff argues that it was a

2

disputed fact whether she and the defendant had an attorney-client relationship, we, like the trial court, assume without deciding that a fiduciary relationship existed.

When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. segTEL, Inc. v. City of Nashua, 170 N.H. 118, 120 (2017). If our review of the evidence does not reveal any genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the trial court's decision. Id. We review the trial court's application of the law to the facts de novo. Id.

First, the plaintiff argues that the trial court erred in determining that expert testimony was required to prove her negligence and breach of fiduciary duty claims. She asserts that the defendant's negligence in drafting the warranty deed was "so patent and conclusive that reasonable persons can reach only one conclusion that the attorney deviated from the standard of care" and that, therefore, an expert opinion was unnecessary. We disagree.

Expert testimony is required where the subject presented is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson. Yager v. Clauson, 166 N.H. 570, 573 (2014). Absent exceptional circumstances, expert testimony is necessary to inform the jury regarding the skill and care ordinarily exercised by lawyers and to prove a breach thereof. Id. Additionally, in most instances, expert testimony is also needed to prove causation. Id.

The trial court found that the negligence claim involved "professional standards surrounding a real estate closing that someone who is not a lawyer would likely not have knowledge of." Therefore, "[a]bsent any direct evidence to demonstrate that the defendant plainly acted negligently, the issue of whether an attorney retained by a lender for closing purposes should conduct a title search while procuring title insurance and drafting a warranty deed [did] not fall within the ken of an average juror." We agree with the trial court that, as a matter of law, expert testimony was required "to inform the jurors of the skill and care exercised by a lawyer as part of the real estate closing process and to establish a breach of care." We likewise agree with the trial court that, "[e]ven if the plaintiff can establish that she shared a fiduciary relationship with the defendant," expert testimony was necessary to prove a breach of that duty because "the applicable standard of care in this situation is not something within the ken of an average juror."

We have reviewed the plaintiff's remaining arguments and determine that they are without merit and do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993). Because our review of the evidence reveals no

3

genuine issue of material fact, and the defendant is entitled to judgment as a matter of law, we affirm the trial court's grant of summary judgment.

Affirmed.


MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.


**Timothy A. Gudas,**
**Clerk**